**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Joe ENTREKIN,
Defendant-Appellant.**

**No. 79–3649.**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1980.

Rehearing and Rehearing En Banc
Denied Oct. 24, 1980.

James A. McPherson, New Orleans, La., for defendant-appellant.

Vincent L. Gambale, Atty., Dept. of Justice, Appellate Sect., Crim. Div., Washington, D. C., for plaintiff-appellee.

Before CHARLES CLARK, TJOFLAT and GARZA, Circuit Judges.

PER CURIAM:

Billy Joe Entrekin appeals his convictions on three counts of mail fraud, one count of conspiracy to commit mail fraud, and one count of perjury before the grand jury. We affirm.

■ Entrekin contends first that the district court erred by permitting his former wife, over his objection, to give testimony that he claims was based on confidential marital communications. The marital privilege recognized at common law represents two distinct and independent privileges. The first bars one spouse from testifying adversely to the other. The second bars one spouse from testifying as to the confidential marital communications of the other. See United States v. Mendoza,, 574 F.2d 1373, 1379 (5th Cir.), cert. denied, 439 U.S. 988, 99 S.Ct. 584, 58 L.Ed.2d 661 (1978); United States v. Cameron, 556 F.2d 752, 755 (5th Cir. 1977); United States v. Harper, 450 F.2d 1032, 1045 (5th Cir. 1971). Entrekin recognizes the Supreme Court's recent decision in Trammel v. United States, —— U.S. ——, 100 S.Ct. 906, 63

L.Ed.2d 186 (1980), and makes no claim based on the first privilege. Rather, he confines his argument to the claim that his former wife testified as to the confidential marital communications that remain privileged after Trammel. See id. at ——, 100 S.Ct. at 912–13, 63 L.Ed.2d at 194–195. There is no merit to this contention.

■ This court previously has held "that conversations between husband and wife about crimes in which they are jointly participating when the conversations occur are not marital communications for the purpose of the marital privilege, and thus do not fall within the privilege's protection of confidential marital communications." United States v. Mendoza, 574 F.2d at 1381. The record discloses both that all challenged conversations between Entrekin and his former wife were made in furtherance of the conspiracy to commit mail fraud and that, from the first conversation, Entrekin's former wife was an active participant with Entrekin in that conspiracy. The conversations testified to by Entrekin's former wife fall squarely within the exception to privileged marital communications created by Mendoza[1] and properly were admitted by the district court.

■ Entrekin next contends that the district court erred by refusing to permit him to use his former wife's prior conviction for shoplifting for the purpose of impeachment. A party may attack the credibility of a witness by introducing evidence that the witness previously has been convicted of a crime provided the crime "was punishable by death or imprisonment in excess of one year" or "involved dishonesty or false statement." Fed.R.Evid. 609(a). The district court properly excluded evidence of the witness' prior conviction for shoplifting because the crime neither was punishable by death or imprisonment in excess of one year nor involved dishonesty or false statement

---

1. Entrekin's counsel conceded at oral argument that Trammel does not address that portion of the marital privilege that protects confidential marital communications from disclosure. Accordingly, Trammel does not affect the validity of our prior holding in Mendoza that excludes from the scope of protected, confidential marital communications "conversations between husband and wife about crimes in which they are jointly participating when the conversations occur."

within the meaning of Fed.R.Evid. 609(a)(2). *See* La.Rev.Stat.Ann. § 14:67 (West 1974); *United States v. Ashley*, 569 F.2d 975, 978–79 (5th Cir.), *cert. denied*, 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978). *See also United States v. Barnes*, 622 F.2d 107, 110 (5th Cir. 1980).

Entrekin lastly contends that the district court erred by refusing to give a requested instruction based on *Bronston v. United States*, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), and by denying his motion for a judgment of acquittal. The record in this case clearly demonstrates that both contentions are totally without merit.

AFFIRMED.