MILLS, Judge,
dissenting.
I dissent. I would reverse the trial court’s order granting Arata’s motion to suppress intercepted telephone conversations between her and her husband concerning joint criminal activity which were obtained by a court authorized order pursuant to Chapter 934, Florida Statutes (1981).
The trial court granted Arata’s motion on authority of Smith v. State, 344 So.2d 915 (Fla. 1st DCA 1977), cert. denied, 353 So.2d 679 (Fla.1977). I would recede from Smith, supra.
The majority of the Smith panel refused to except from the marital privilege communications made in furtherance of crimes because of the harm it would inflict upon the strong policy underlying the privilege.
In my judgment, public policy is not served by protecting spouses who jointly engage in criminal activities and then assert the privilege as a shield against prosecution. Marital communications having to do with the commission of a crime and not with the privacy of the marriage itself should not fall within the privilege’s protection. United States v. Entrekin, 624 F.2d *1033 597 (5th Cir.1980), cert. denied, 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 350 (1981); United States v. Mendoza, 574 F.2d 1373 (5th Cir.), cert. denied, 439 U.S. 988, 99 S.Ct. 584, 58 L.Ed.2d 661 (1978); United States v. Neal, 532 F.Supp. 942 (D.Colo.1982).
Professor Charles W. Ehrhardt, author of the Florida Evidence Code, recently made the following comment on the exception to the marital privilege:
The Fifth Circuit has recognized an exception to marital communication privilege when the communication is between husband and wife about crimes in which they are jointly participating when the communication occurs. The court reasoned that these communications are not marital communications for the purpose of the privilege [see United States v. Entrekin, 624 F.2d 597 (5th Cir.1980)]. There is no similar exception in the Evidence Code although the interests of justice would be served if the privilege were not recognized in this situation.
Ehrhardt, 5 Fla.Prac.Evidence, Sec. 504.5 (1982 pocket part at p. 60) (emphasis added).
It is obvious to me that the use of properly obtained wiretapped telephone conversations of spouses about crimes in which both spouses participated would not offend family harmony or public policy. United States v. Kahn, 471 F.2d 191 (7th Cir.1972). Why should a husband and wife who are engaged in criminal activity be treated differently than any other two individuals engaged in crime? Why should society be interested in preserving such a family relationship? Justice is truth in action. Truth should prevail.
I would reverse.