UNITED STATES of America, Plaintiff,

v.

William C. PETTY, Gina L. Petty, Darrell Robinson, Adon Jaramillo, Nell Wilson, Karen Singleton and Sandra Pastor, Defendants.

No. CR84–086–B.

United States District Court,
D. Wyoming.

Dec. 18, 1984.

On Motions in Limine, to Suppress Evidence and to Sever Jan. 30, 1985.

David A. Kern, Asst. U.S. Atty., Cheyenne, Wyo., for plaintiff.

Daniel C. Hale, Denver, Colo., and Richard Wolf, Cheyenne, Wyo., for W. Petty.

Richard H. Honaker, Rock Springs, Wyo., for G. Petty.

James H. Barrett and Louis E. Epps, Cheyenne, Wyo., for Robinson.

John J. Metzke, Cheyenne, Wyo., for Jaramillo.

Daniel G. Blythe, Cheyenne, Wyo., for Wilson.

Kay Snider Coffman, Cheyenne, Wyo., for Singleton.

Janet McElhaney, Cheyenne, Wyo., for Pastor.

## ORDER ON MOTIONS

BRIMMER, Chief Judge.

The above-entitled matter came before the Court pursuant to defendants' motions to sever the trials and suppress evidence. The Court, having reviewed the pleadings and the evidence offered, and being fully advised in the premises, FINDS and ORDERS as follows:

■ At the evidentiary hearing held before this Court on December 17, 1984, no evidence was presented which in anyway showed that anyone tampered with the tapes involving defendant Nell Wilson. Turning off the tape when the informer was alone, and switching it back on when anyone else entered the room does not constitute selective editing or inaccurate recording.

■ The Court also concludes that there is no need to sever the trial because of the marital relationship between defendants William and Gina Petty. Should either of them care to testify at trial, that is their privilege as the witness spouse, and the other spouse cannot prevent the testimony. *Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). Furthermore, where both spouses participated in a common unlawful enterprise, the privileged marital communications doctrine does not apply. *See e.g. United States v. Entrekin,* 624 F.2d 597 (5th Cir.1980), *cert. denied,* 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 350 (1981); and *United States v. Van Drunen,* 501 F.2d 1393 (7th Cir.1974), *cert. denied* 419 U.S. 1091, 95 S.Ct. 684, 42 L.Ed.2d 684 (1974). The Court also notes that when asked, counsel for neither defendant could give one concrete example as to why the marital privilege would even be in issue at trial. For these reasons, there is no reason for the United States to go to the expense of providing separate trials for William and Gina Petty.

■ There is also no reason to suppress the evidence discovered in the search of the Petty residence conducted by police officers under a warrant obtained sometime after entrance into the residence to secure it. No evidence surfaced in the evidentiary hearing to show that the police did anything wrong. The supervising officer, Lt. Meacham, had good cause to believe that suspects in the same crime arrested earlier, would try to get word to the Pettys that they should destroy any evidence. Due to these exigent circumstances, the officers made the decision to enter the Petty residence, and then made a cursory check for other occupants, and waited in the living room with the Pettys until the warrant arrived. Under the recent Supreme Court case, *Segura v. United States,* — U.S. ——, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), such a course of action is entirely proper.

■ The Court concludes that the officers had probable cause to enter the residence and secure it in light of the exigent circumstances caused by the earlier arrest of other suspects. Furthermore, the later obtained search warrant, which validated a nighttime search, was adequately supported by the accompanying affidavit. Thus the subsequent search and seizure of contraband was entirely valid, even had the earlier entrance been illegal. *Segura,* 35 Cr.L. at 3299. Any problems with the return and inventory occurred after the fact and have no bearing on the validity of the warrant itself. Furthermore, we see no problem with using identical affidavits to support the search of two different residences. The Pettys and occupants of the Robinson residence were suspects in the same case, and the same fact situations established probable cause for the search of both residences. Finally, under Wyoming law a County Court Commissioner is empowered to issue a search warrant. W.S. § 5–5–167(a)(iii). Since the Court finds no defects in the initial entrance to secure the residence, or in the search conducted under warrant or the warrant itself, there is no reason to suppress the evidence seized. Therefore it is

ORDERED that defendant Nell Wilson's motion to suppress and motion in limine, be and the same hereby are, denied. It is further

ORDERED that defendants William and Gina Petty's motions to sever the trial be and the same hereby are, denied. It is further

ORDERED that defendants William and Gina Petty's motions to suppress evidence and return property be and the same hereby are, denied.

## ON MOTIONS IN LIMINE, TO SUPPRESS EVIDENCE AND TO SEVER

The above-entitled matter came before the Court pursuant to defendants' motions, made during trial, on January 22, 1985. The Court, having reviewed the pleadings and the evidence offered, and being fully advised in the premises, FINDS and ORDERS as follows:

The Court denied said motions orally on January 23, 1985. Although the oral record is clear, the Court feels that some supplementation is needed of a necessarily brief oral record, to explain fully the decisions of the Court.

In *United States v. Petty, et al.*, CR84-086, over objections of counsel for defendants Wilson and Pastor, the Government attempted to enter evidence of prior statements by these defendants made to an undercover police officer. The Court recessed early to allow counsel to brief the issues, and on the morning of January 23, 1985, ruled that the statements were admissible against both defendants. The undercover police officer, Mr. Heath, testified that defendant Pastor told him that she and another woman had been "busted" when they went to Green River "to do a drug deal." The other woman's name was not mentioned. Mr. Heath also testified that after having been invited to defendant Wilson's premises, she told him that she and defendant Pastor had been "busted by a cop with a wire" while making a drug deal in Green River. Defendant Pastor was present when this statement was made, and although Mr. Heath is not certain that Pastor orally agreed with the statement, he testified that she did not contradict Wilson, and further that she "patted him down", to make sure he was not wearing a wire.

There were several objections to this testimony. First, defendants Wilson and Pastor claim that the Government failed to produce Mr. Heath's statements in violation of the Jencks Act, 18 U.S.C. § 3500, and Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure. The Government maintained an open-file policy throughout this entire case, and defendants knew Mr. Heath would testify, and before trial had ample opportunity to interview him. The Court also recessed early to allow further opportunity to interview Mr. Heath, an opportunity of which counsel finally took advantage. Also, since no written statements or transcripts were involved, the Court ruled that there were no violations of Rule 16(a) or the Jencks Act.

Counsel also objected that since the surrounding circumstances of Mr. Heath's testimony involved additional criminal charges against defendants Wilson and Pastor now pending in Wyoming state court, introduction of this testimony would violate Rule 609 of the Federal Rules of Evidence. Since the Court did not allow Mr. Heath to testify to surrounding circumstances, but rather contained his testimony to the statements made by the defendants, this objection was overruled.

Although not contained in their briefs, counsel for Wilson and Pastor each made a further, different objection to Mr. Heath's testimony. Counsel for defendant Pastor objected that the statements made by defendant Wilson were hearsay as to her, and thus not admissible. However, since Pastor did not deny Wilson's statements, and further proceeded to search Mr. Heath for a wire, the Court had no problem concluding that Pastor's silence and further actions constituted adoptive admission, thus rendering the statements admissible under Rule 801(d)(2)(B) of the Federal Rules of Evidence. The Court agrees with the Eighth Circuit, which stated in *United States v. Lilley*, 581 F.2d 182, 187 (8th Cir.1978):

> It is well established that, as a general rule, when an accusatory statement is made in the defendant's presence and hearing, and he understands it and has an opportunity to deny it, the statement and his failure to deny it are admissible against him.

*See also, United States v. Sears*, 663 F.2d 896 (9th Cir.1981), *cert. denied, Werner v. United States*, 455 U.S. 1027, 102 S.Ct.

1731, 72 L.Ed.2d 148 (1982); and *United States v. Moore,* 522 F.2d 1068 (9th Cir. 1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976).

Counsel for defendant Wilson objected that the first statement, made by Pastor alone, and not in the presence of Wilson, was improperly admitted as violating Wilson's rights under the Confrontation Clause. Counsel relied on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The jury was admonished by the Court that statements testified to by Mr. Heath could only be used against those who made them. Furthermore, the Court did not allow Mr. Heath to mention Wilson's name in connection with the first statement. In adopting this procedure the Court relied on *Carpenter v. United States,* 463 F.2d 397 (10th Cir.1972), *cert. denied,* 409 U.S. 985, 93 S.Ct. 337, 34 L.Ed.2d 251 (1972), which dealt with a similar situation. The Tenth Circuit held that introduction of statements made by a co-defendant did not violate defendant's rights under *Bruton* because the other evidence against him was overwhelming, and

> (i)n addition, and we believe importantly, Carpenter's name was never mentioned by Morris in his admission. He was not, accordingly, subjected to a powerfully incriminating extrajudicial statement with which the defendant was confronted in *Bruton. Id.* at 399.

Therefore, the Court ruled that under *Carpenter,* Mr. Heath's statements were admissible. The Court further admonished the jury, both orally and in written instructions, that these statements could not be considered against the other five defendants in the case. Denial of the renewed motions for severance in the face of Mr. Heath's testimony was based on the same reasons as earlier cited by the Court. To force the Government to conduct seven separate trials would not only have taken up a vast amount of this Court's limited time, and been prohibitively expensive, but it would have also caused great hardship in the towns of Green River and Rock Springs because many of the members of the small police departments of these towns were witnesses in this case, held over 250 miles northeast in Cheyenne. Since jury instructions and admonitions by the Court fully informed the jury as to the necessity of judging each defendant separately; and indeed the jury rendered different verdicts for the several defendants, the Court is convinced that denying severance did not prejudice the defendants.

■ Counsel for defendants had one final objection to Mr. Heath's testimony based on *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). *Massiah* and the later case of *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), held that the Government may not deliberately elicit evidence from a defendant without counsel present, once the right to counsel under the Sixth Amendment has attached. In denying the motion to suppress, the Court relies, *inter alia,* on *United States v. Franklin,* 704 F.2d 1183 (10th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 146, 78 L.Ed.2d 137 (1983); and *United States v. DeWolf,* 696 F.2d 1 (1st Cir.1982).

In *Franklin* the Tenth Circuit held that although the FBI had contacted the informant, the Government did not deliberately elicit the information because the informant was a "passive listener" who did not aggressively question the defendant. *Franklin* at 1190. Mr. Heath testified that he was not aware that defendants had been charged with prior crimes, and that he asked no questions, but rather the information was volunteered by defendants without any prompting. Thus, he was even more of a passive listener than the *Franklin* informant. This is a case much like the one in *United States v. DeWolf, supra,* in which the First Circuit stated that "*Massiah* is not a magic cloak with respect to future conduct." *DeWolf,* 696 F.2d at 3. While the Court recognizes that in *Mealer v. Jones,* 741 F.2d 1451 (2d Cir.1984), the Second Circuit reached a seemingly contradictory conclusion, we note that even in *Mealer* the court said that statements

blurted out voluntarily, especially to a government agent who did not even know of the impending indictment, do not violate *Massiah*. The Court goes on to cite its earlier case of *United States v. Garcia*, 377 F.2d 321 (2d Cir.1967), as still being good law. In *Garcia*, the court stated that *Massiah* does not apply

> in a case in which the questioner was completely unaware of the existence of the indictment and was not seeking information about the crime the indictment charged had been committed. *Massiah* does not immunize a defendant from normal investigation techniques after indictment. *Id.* at 324.

Mr. Heath was not only unaware of the prior charges, but he was investigating further crimes in good faith, and it was without any questioning or elicitation on his part, that defendants volunteered admissions as to their guilt in this case. We agree with the courts in *Franklin, DeWolf,* and *Garcia* that such conduct does not amount to "deliberate elicitation", and thus defendants' Sixth Amendment—*Massiah* rights were not violated.

Finally, in regard to defense counsels' continuing objections to the admission of co-conspirator statements, the Court would only note that it followed precisely the guidelines set out by the Tenth Circuit in *United States v. Andrews*, 585 F.2d 961 (10th Cir.1978), *United States v. Petersen*, 611 F.2d 1313 (10th Cir.), *cert. denied*, 447 U.S. 905 (1980), and *United States v. Monaco*, 700 F.2d 577 (10th Cir.1983). Therefore, it is, and was

ORDERED that defendants Pastor and Wilson's motions in limine and to suppress, as orally directed by the Court be, and the same hereby are, denied. It is, and was, further

ORDERED that the motions of all defendants to sever, or for mistrial based on failure to sever or on the admission of co-conspirator statements, as orally directed by the Court, be, and the same hereby are, denied.