Wanda Charlene BOSWELL, et al.

v.

COUNTY OF SHERBURNE, et al.

Civ. No. 4–86–156.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 8, 1989.

Mark R. Kosieradzki, Sieben, Grose, VonHoltum, McCoy & Carey, Minneapolis, Minn., and Alvin J. Ziontz, Ziontz, Chestnut, Varnell, Seattle, Wash., for plaintiffs.

Rolf E. Gilbertson, Maun, Green, Hayes, Simon, St. Paul, Minn., and John E. MacGibbon, Elk River, Minn., for defendant Sherburne County.

Joseph B. Marshall, Circle Pines, Minn., for defendants Witschen, Daniels, Lero, and Riecken.

4. Defendant did not request that the Court allow him to withdraw his plea of guilty.

## ORDER

ROSENBAUM, District Judge.

Claiming hearsay, defendants moved to exclude a telex communication discovered in their files. A hearing was held on their motion in limine on July 21, 1989. After reviewing the files, records, and proceedings herein, including supplemental memoranda submitted by the parties, the Court denied defendant's motion from the bench on June 26, 1989, indicating that a written order would follow. The document was admitted at trial. During the course of the trial defendant Sherburne County made a settlement with the plaintiffs. Trial continued against the remaining defendants. The jury found for plaintiffs and awarded the total sum of $680,000.

The Court now supplements its bench ruling with this written order.

### Facts

The pertinent facts of this case are outlined in *Boswell v. Sherburne County*, 849 F.2d 1117 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989).

Suffice it to say, plaintiff Wanda Charlene Boswell was 6½ months pregnant when, on March 24, 1984, at approximately 1:00 a.m., she was arrested for driving while intoxicated. She was taken into custody and transported to the Sherburne County jail. During the booking procedure at the jail, plaintiff reported difficulties with her pregnancy. A record check, subsequent to booking, revealed two outstanding warrants, one in Becker County, Minnesota, in the amount of $150, and the other in Crow Wing County, Minnesota, for $50.

At approximately 8:00 a.m. on the morning in question, Boswell's complaints prompted defendant jailor Nancy Riecken to contact defendant chief jailor Steven Daniels at his home. Riecken asked Daniels what to do with Boswell, who was being held at the Sherburne County jail under "hold" orders from each of the counties to which she owed bail. Daniels direct-

ed Riecken to inquire of both counties as to their wishes respecting release. To this end, Riecken dispatched the following "telex" message to Crow Wing County:[1]

> We have in custody Wanda Charlene Boswell on DWI. She has a warrant for your co. $50.00 bail. She also has a warrant in Becker Co. She has the bail of $150.00 for this one. She is 6 mo [sic] pregnant and is starting to bleed. What would you like done about your bail [sic]? We want her out of our facility as soon as possible. Any suggestions?

Crow Wing County, moments later, responded to the telex with a telex of its own. Crow Wing County's response read as follows and is the subject of this motion:

> If she has the bail take it—if she doesn't release her from our charges. We'll try for her later. We don't want the medical bills either!!!!!!

The reply telex was printed immediately below the original Sherburne County message on a computer roll of paper.

Defendants objected to admission of the Crow Wing County telex, arguing it was irrelevant, prejudicial, and inadmissible hearsay. The Court has previously found the communication was neither irrelevant nor unduly prejudicial. For the reasons set forth below, the Court finds the telex is not hearsay.

### Discussion

The Federal Rules of Evidence for the United States Courts and Magistrates (Fed. R.Evid.) defines hearsay at Rule 801(c). In the next section, those same rules define "statements which are not hearsay." Rule 801(d), Fed.R.Evid.

In particular, Rule 801(d)(2)(B) defines "a statement of which the party has manifested an adoption or belief in its truth" as not being hearsay, taking such a statement to be an admission by a party opponent. Rule 801(d)(2)(B), Fed.R.Evid. Such a statement is not an exception to the hearsay rule, it is not hearsay. *See United States v. Lilley,* 581 F.2d 182, 186–87 (8th Cir.1978).

---

1. Riecken claims she contacted Becker County by telephone and that Becker County waived its $150 bail.

The advisory committee notes consider these admissions and state:

No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility.

Those same advisory notes, specifically considering Rule 801(d)(2)(B), note that:

(B) Under established principles an admission may be made by adopting or acquiescing in the statement of another.... Adoption or acquiescence may be manifested in any appropriate manner.... The decision in each case calls for an evaluation in terms of probable human behavior.

In this case, the Court looks directly toward the words of the communications in order to ascertain the communicants' meaning and the adoptive act.

Jailor Riecken, on behalf of defendant Sherburne County, sent her communication at approximately 8:26 a.m.[2] She advised Crow Wing County of its outstanding warrant and that Sherburne County had Wanda Boswell in custody. She clarified the fact that Becker County's warrant was not a problem. Riecken next made a statement which clearly was designed to delineate for the recipient the nature of the problem: "She is 6 mo [sic] pregnant and is starting to bleed".

The Court finds that this statement made clear that the inquiry was not simply to find out what a sister county wished to do with an impecunious detainee; rather, it was meant to—and did—convey the fact that the medical care of one in custody was at issue. This necessarily implicated the concomitant expenses of such care. If the issue was simply that Sherburne County would like to release Boswell, but for Crow Wing County's bail, and if medical costs were not at issue, there would have been no need to advise Crow Wing County of Boswell's health. This view is emphasized by the Sherburne County telex's last full sentence: "We want her out of our facility as soon as possible." This sentence can express nothing but Sherburne County's wish that it not be saddled with the medical expenses suggested by the recitation of the condition of Boswell's pregnancy.

The question now becomes whether or not Sherburne County "manifested an adoption or belief in ... [the] truth" of the reply telex, in order to make the reply an admission of Sherburne County pursuant to Rule 801(d)(2)(B), Fed.R.Evid.

The reply telex was received within 15 minutes of the Riecken message and consisted of two sentences. In the first sentence, Crow Wing County waived its bail requirement. In the second sentence, Crow Wing County replied to the intent manifest by Sherburne County when it recited Boswell's physical condition and Sherburne County's desire to get rid of her as soon as possible—"We don't want the medical bills either!!!!!!"

But was Crow Wing County's message one as to which defendant Sherburne County "manifested an adoption or belief?" Upon receipt of this communication and the prior telephonic bail-waiver by Becker County, defendants testified that Sherburne County determined Boswell was free to go, without hindrance.[3] In order to make the decision that there was no bail-hold pending, the Court finds that Sherburne County necessarily adopted the Crow Wing statement, thus manifesting Sherburne County's belief in the truth of Crow Wing County's statement.

---

2. While there was some question as to the precise timing of the message in the trial evidence, the noted time is within ten minutes of the issuance of the message. The to-the-minute timing is of no consequence in the case, nor is it of consequence to this ruling.

3. The Court expresses no thought as to why this permission to depart was not communicated to Boswell through and including the time of her release by ambulance almost 1½ hours later.

That decision by defendants certainly admits the first sentence of the reply, but this determination does not dispose of the second sentence. As a preliminary matter, the Court rejects defendants' statements that their observations concerning Boswell's health and Crow Wing County's reply were merely "banter" exchanged by jail professionals. Instead, the second sentence of the Crow Wing County response telex may be admitted on two further bases.

First, the Court finds that while these communications are not inter-sheriff "banter," they are communications between fellow professionals who each understood a brother or sister professional's situation. In this regard, Sherburne County did not simply send out a communication asking whether or not Crow Wing County was of a mind to waive a $50 bail for one without funds. As above, the medical content was explicit: "She is 6 mo [sic] pregnant and is starting to bleed.... We want her out of our facility as soon as possible. Any suggestions?" When viewed in this light, Crow Wing County's second sentence is clearly an invited reply, invited by the chord struck in the medical/get-her-out message.

The second ground upon which the last Crow Wing County sentence may be admitted inheres in the very defense given by Sherburne County. Sherburne County defended on the theory that medical costs were not in their collective consciousness and that they gave no thought to Boswell's potential medical bills. In this case—and if they were telling the truth, which the jury clearly did not accept—the statement by Crow Wing County was an outrage. Such an outrageous statement would call for an immediate reply and denial, if only to salve Sherburne County's impugned honor and record of care for its prisoners. No such reply or denial was sent. Rather, the telex was accepted and placed in the files of the Sherburne County jail.[4]

While adoption by silence or acquiescence is less frequently utilized, it may be maintained in cases in which a failure to reply was clearly unreasonable. *See United States v. Marino*, 658 F.2d 1120 (6th Cir.1981); *see also White Industries v. Cessna Aircraft Co.*, 611 F.Supp. 1049, 1062–63 (W.D.Mo.1985); *United States v. Petty*, 602 F.Supp. 996, 999 (D.Wyo.1984). The Court finds that a failure to reply was clearly unreasonable here.

The Crow Wing County communication is not hearsay and it is an admission by the defendants. As such, it was available as evidence at trial.

4. Under certain circumstances, courts have found such possession of a document as itself constituting adoption of its contents. *See Unit-*

*ed States v. Marino*, 658 F.2d 1120, 1125 (6th Cir.1981).