[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15502
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-cv-90051-HL-TQL; 1:07-cr-00045-HL-TQL-3

W. DEXTER HARRISON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 15, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

W. Dexter Harrison, a federal prisoner serving a 180-month sentence for

conspiracy to commit arson and mail fraud, arson, mail fraud, and making

misleading statements, appeals the district court's denial of his motion to vacate his conviction and sentence under 28 U.S.C. § 2255. After Harrison was convicted at a joint trial with his codefendant, Martin Harrell, Harrison retained new counsel to pursue an appeal. His appellate counsel also represented him in his § 2255 proceeding. A certificate of appealability was granted on the following issue: Whether the district court violated Harrison's due process rights by denying his retained habeas counsel's motion to withdraw, and not allowing Harrison to proceed pro se. After careful review, we affirm.

In a proceeding on a motion to vacate, set aside, or correct sentence, we review the district court's factual findings for clear error and legal issues de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether a defendant's constitutional due process rights were violated is question of law that we review de novo. United States v. Watkins, 147 F.3d 1294, 1296 (11th Cir. 1998). Whether an attorney rendered ineffective assistance of counsel is a mixed question of law and fact, which we review de novo. Reynolds v. Chapman, 253 F.3d 1337, 1342 (11th Cir. 2001). Ordinarily, the denial of a motion to sever is reviewed for abuse of discretion. United States v. Hill, 643 F.3d 807, 832 (11th Cir. 2011). However, a district court's failure to grant a severance where a defendant did not move for severance at trial is reviewed only for plain error. Id.

2

"[P]risoners have a constitutional right of access to the courts under the Due Process Clause." Alvarez v. Att'y Gen., 679 F.3d 1257, 1265 (11th Cir. 2012) (quotations omitted) (addressing Alvarez's claim that the State, by denying him access to physical evidence, effectively deprived him of the opportunity to litigate his claim in a civil rights proceeding under 42 U.S.C. § 1983); Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (denying a prisoner's claim that his inability to access the prison law library during his § 2255 proceeding was an unconstitutional denial of his right of access to the courts). However, to establish a due process violation based on access to the courts, a prisoner must show an actual injury. Alvarez, 679 F.3d at 1265. "The purpose of recognizing an access claim is to provide vindication for a separate and distinct right to seek judicial relief." Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006). Thus, a litigant asserting an access claim must identify a colorable underlying claim, ancillary to the right of access to the courts. See id. (identifying one of the litigant's underlying postconviction claims as ineffective assistance of counsel); see also Cunningham v. Dist. Attorney's Office, 592 F.3d 1237, 1260-61 (11th Cir. 2010) (noting that a prisoner's due process rights during a postconviction proceeding are more limited than those enjoyed by a criminal defendant prior to conviction at trial).

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the

3

Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. However, prisoners do not have a constitutional right to counsel in collateral proceedings. Hill v. Jones, 81 F.3d 1015, 1024 (11th Cir. 1996). To establish a constitutional claim for ineffective assistance of counsel, a prisoner must prove that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the outcome of the case. Strickland v. Washington, 466 U.S. 668, 687 (1984). Because both prongs must be met, we may decline to review either prong of this test if the prisoner makes an insufficient showing on the other prong. Id. at 697.

In an ineffective assistance on appeal claim, the Supreme Court has held that the Sixth Amendment does not require an appellate attorney to raise every non-frivolous issue. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). To assess whether prejudice exists based on the ineffective assistance of appellate counsel, we "must first perform a review of the merits of the omitted or poorly presented claim." Heath v. Jones, 941 F.2d 1126, 1132 (11th Cir. 1991) (quotations and brackets omitted). Counsel's performance on appeal will only be deemed prejudicial if "the neglected claim would have a reasonable probability of success on appeal." Id.

"There are two recognized types of marital privilege: the marital confidential communications privilege and the spousal testimonial privilege." United States v. Singleton, 260 F.3d 1295, 1297 (11th Cir. 2001). In Trammel v. United States, 445 U.S. 40 (1980), the Supreme Court held that the testimonial privilege may be

asserted by the witness-spouse only, and if the witness spouse chooses to testify adversely, even predicated upon the grant of immunity and a promise of leniency, the testimony remains voluntary. Id. at 50–53. The marital communications privilege, on the other hand, excludes information privately disclosed between husband and wife in the confidence of the marital relationship. Id. at 51. However, the privilege does not apply to communications made in the presence of third parties, and generally applies only to statements, not acts. Pereira v. United States, 347 U.S. 1, 6 (1954). We have never indicated that non-parties to the marriage can assert the marital privilege. See Singleton, 260 F.3d at 1298 n.2 ("The marital communication privilege, when available, can be asserted by a defendant to prevent his or her spouse from testifying concerning the communication and to exclude related evidence." (emphasis added)); United States v. Entrekin, 624 F.2d 597, 598 (5th Cir. 1980) (stating that the marital communications privilege "bars one spouse from testifying as to the confidential marital communications of the other").[1]

Federal Rule of Evidence 801 defines hearsay as an out-of-court statement made by a declarant that is being offered to prove the truth of the matter asserted. Fed.R.Evid. 801(c). Rule 801 also notes several types of statements that are not considered hearsay. Fed.R.Evid. 801(d). Among other things, a statement is not

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

hearsay if it is offered against an opposing party and was either made by the opposing party in an individual capacity or was made by the opposing party's coconspirator during and in furtherance of the conspiracy.    Fed.R.Evid. 801(d)(2)(A), (E).  The statement sought to be admitted "must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it."    Fed.R.Evid. 801(d)(2).    To introduce statements under this rule, "the government must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of the conspiracy."  United States v. Underwood, 446 F.3d 1340, 1345-46 (11th Cir. 2006).

Although Federal Rule of Criminal Procedure 14(a) permits a severance of a joint trial if joinder "appears to prejudice a defendant," we "will not reverse the denial of a motion for severance in the absence of a clear abuse of discretion." United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009) (quotations omitted).  We recognize four types of prejudicial joinder that will generally require severance: (1) where the defendants rely on "mutually antagonistic defenses"; (2) where one defendant would exculpate the defendant moving for severance at a separate trial but will not testify in a joint setting; (3) where inculpatory evidence admissible against one defendant is not admissible against the other; and (4)

6

"[w]here a cumulative and prejudicial 'spill over' effect may prevent the jury from sifting through the evidence to make an individualized determination as to each Defendant." Id. (quotations omitted). Absent a showing of one of these four theories of relief, a defendant fails to sufficiently demonstrate prejudice simply because he may have had a better chance of acquittal in a separate trial. Id. at 1361; see Zafiro v. United States, 506 U.S. 534, 540 (1993) ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials.").

We construe Harrison's claim on appeal as a claim that the district court violated his constitutional due process right of access to the courts by denying his habeas counsel's motion to withdraw. Under Harrison's theory, had counsel been able to withdraw, Harrison could have proceeded pro se and argued that his habeas counsel had been ineffective on direct appeal for failing to raise the issue of whether Harrison's trial counsel was ineffective for failing to move for severance of Harrison and codefendant Martin Harrell's joint trial, and for failing to request a limiting instruction in regard to certain testimony. However, Harrison cannot obtain habeas relief on this claim because, even assuming that the district court prevented him from raising his ineffective assistance of appellate counsel claim in the § 2255 proceeding, he does not have a valid underlying claim of error. As the record shows, the testimony that Harrison argues should have resulted in severance

7

of his trial or a limiting instruction would still have been admissible against him at a separate trial as the statements of a coconspirator made during and in furtherance of the conspiracy.  See Fed.R.Evid. 801(d)(2).  Moreover, Harrison would not have been able to prevent the admission of any of the testimony of Harrell's wife under the marital communication privilege since he was a non-party to the marriage.  See Trammel, 445 U.S. at 51; Singleton, 260 F.3d at 1298 n.2; Entrekin, 624 F.2d at 598.  Furthermore, Harrison's claim that Harrell would have provided exculpatory testimony at a separate trial is unsupported by the record and insufficient to establish that his trial should have been severed, even if the issue had been preserved.  See Chavez, 584 F.3d at 1360.

In short, the failure of Harrison's appellate counsel to raise these meritless issues on appeal cannot have constituted ineffective assistance.  See Heath, 941 F.2d at 1132.  Accordingly, he cannot show a denial of his due process rights from not being able to assert this claim in his § 2255 proceeding.

**AFFIRMED**.