E. Scott McHENRY, Plaintiff–Appellee,

v.

Samuel CHADWICK, et al., Defendants–Appellants.

Nos. 88–6254, 89–5308.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 9, 1989.

Decided Feb. 8, 1990.

---

Richard E. King, argued, Cookeville, William Allen, Rural Legal Services of Tennessee, Oak Ridge, Tenn., for plaintiff-appellee.

Michael L. Parsons, Asst. Atty. Gen., argued, Charles W. Burson, Atty. Gen., Michael L. Parsons, Asst. Atty. Gen., argued, Nashville, Tenn., for defendants-appellants.

Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

The plaintiff-appellee E. Scott McHenry brought this action pursuant to 42 U.S.C. § 1983 alleging a deprivation of his constitutional rights while a prisoner at Brushy Mountain Penitentiary in Petros, Tennessee. Specifically, McHenry claimed he was

twice assaulted by correctional officers in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. The jury awarded him $150.00 in compensatory damages and $2,600.00 in punitive damages. The district judge also awarded McHenry reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988. The defendants-appellants now appeal the order of the United States District Court for the Eastern District of Tennessee denying their motion for judgment notwithstanding the verdict, or alternatively, for a new trial. We affirm.

McHenry arrived at Brushy Mountain Prison on September 17, 1987, to begin serving a nine-year sentence for convictions on three counts of second degree burglary and three counts of petit larceny. On Friday, October 16, 1987, defendant guard Don Daugherty, Jr., removed McHenry from his cell on the representation that he was going to be taken to the prison auditorium. Instead, he was escorted to the desk of defendant Corporal Sam Chadwick; in addition to Daugherty and Chadwick, defendant guards Keith Hamby, Bruce Hensley, and a Corporal Williams were present.[1] After ordering another inmate to leave the area, Corporal Chadwick accused McHenry of threatening the life of another inmate, stealing from another, and causing both to "check in" to voluntary administrative segregation or protective custody. However, contrary to prison policy, the defendants did not conduct an investigation to verify the incidents. Nevertheless, despite McHenry's denial that the events took place, the defendants used vulgarities, twisted his arm, and threw him to the ground. At that point, Corporal Chadwick taunted McHenry and stated: "Why don't you hit me?" After continued taunting and name calling, McHenry was escorted back to his cell by defendant Don Daugherty, Jr. Later that day, McHenry filed a grievance regarding this treatment.

At about 8:00 a.m. the next morning, October 17, 1987, defendant Don Daugherty, Jr. arrived at McHenry's cell and escorted him to the prison hospital; McHenry had not requested to go there. Present at the hospital were Don Daugherty, Jr., Sam Chadwick, Lonnie Daugherty, Jim Young, Bruce Hensley and Keith Hamby. Once at the hospital, McHenry was escorted to the rear of the hospital to a holding cell by defendant Jim Young; the remaining officers followed a few steps behind. While putting on leather gloves, Young asked McHenry if he had experienced any trouble with any officers the day before. After McHenry responded that he had not, Young struck McHenry with a blow to the upper back. With that blow, McHenry fell to the floor and hit his head against the wall. The remaining officers rushed into the holding cell and proceeded to strike McHenry in the back, stomach, and legs; including Lonnie Daugherty who struck McHenry's leg with a billy club. Defendant Hamby then picked McHenry up off the floor by his shirt and told him that "we better not have anybody else checking in because of you." Following this incident, McHenry was taken to the nurse who gave him one tablet of Motrin and an ice pack for his pain. McHenry filed a second grievance with prison officials later that day.

On October 20, 1987, McHenry brought this § 1983 action claiming that the foregoing treatment was cruel and unusual punishment in violation of his rights protected by the eighth and fourteenth amendments. The defendant correctional officers denied these allegations and claimed that the physical force used was minimal and necessary under the circumstances. The jury returned a verdict for McHenry finding that the infliction of pain was both unnecessary and wanton in violation of the eighth amendment; and that the defendants were liable for failing to protect McHenry from the beating. The district court also awarded attorney's fees and costs to McHenry in the amount of $14,460.07. 42 U.S.C. § 1988.

After the trial, the defendant correctional officers moved for judgment notwithstanding the verdict, or in the alternative, for a new trial, raising four contentions: (1) plaintiff did not state a constitutional

---

1. Corporal Williams was not a defendant in this action.

violation since he was not "severely injured;" (2) there was insufficient evidence to establish a constitutional violation for failure to protect the plaintiff; (3) the district court erred in excluding evidence of the plaintiff's prior convictions; and (4) the district court erred in admitting evidence of whether or not an investigation was undertaken concerning allegations by other inmates against the plaintiff. The district court found these arguments to be without merit and denied the motion. This timely appeal ensued.

## I. McHenry's Eighth Amendment Claim

### A. Unnecessary and Wanton Inflict of Pain

The essence of appellants' claim is that since McHenry did not receive a serious physical injury[2], the alleged conduct of the appellants did not rise to the level of a constitutional violation. In support of this argument, the appellants cite *Hines v. Boothe*, 841 F.2d 623 (5th Cir.1988); and *Johnson v. Moral*, 843 F.2d 846 (5th Cir. 1988), which require a showing of severe physical injury. However, in an *en banc* rehearing of *Johnson*, 876 F.2d 477, 480 (5th Cir.1989) (*reh'g en banc*) (per curiam), the Fifth Circuit stated that to prevail on a constitutional excessive force claim, the plaintiff must have suffered a "significant injury."[3] In any event, the standard in the Fifth Circuit requires proof of some physical injury.

However, the law in the Sixth Circuit is clear. In *Parrish v. Johnson*, 800 F.2d 600 (6th Cir.1986), this court recognized that in the prison context, good faith use of physical force may be necessary to maintain prison security and discipline, however:

A violation of the Eighth Amendment nevertheless will occur if the infliction of pain upon a prisoner is both unnecessary and wanton. In determining whether a prisoner's claim rises to this level, the reasons or motivation for the conduct, the type and excessiveness of the force used, and the extent of the injury inflicted should be considered.

*Id.* at 604–06 (citations omitted). Likewise, in *Lewis v. Downs*, 774 F.2d 711 (6th Cir. 1985), this court held that a serious or permanent injury was not a prerequisite to a claim under 42 U.S.C. § 1983, however, in determining whether or not a constitutional violation had occurred, "all the facts and circumstances surrounding the application of force must be scrutinized and weighed." *Id.* at 714. Thus, in this circuit, a prisoner alleging an eighth amendment violation need not prove that he suffered a serious physical injury, rather he must demonstrate that the infliction of pain was unnecessary and wanton.

In the instant case, McHenry testified that on both days, the attacks were unprovoked, and as a result of the beatings, he could hardly walk, and suffered pain and swelling in his leg.[4] The jury considered this testimony in light of the factors set forth in *Parrish* and found an eighth amendment violation. On appeal, the appellants argue that the events on October 16th and 17th were separate and distinct, and that the twisting of McHenry's arm, which allegedly occurred on October 16th, does not alone establish a constitutional violation. *See Lewis v. Downs*, 774 F.2d at 714 (twisting of arm alone not a constitutional deprivation). However, this meritless argument ignores the fact that the treatment McHenry received on October 16th continued into the next day, when the treatment got worse. Moreover, there is

---

**2.** Although McHenry testified that he could "hardly walk," the only treatment he received was one tablet of Motrin and an ice pack.

**3.** The *Johnson* court actually set forth a three-prong test for such a claim:
(1) a significant injury, which
(2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was
(3) objectively unreasonable.

*Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989) (*reh'g en banc*) (per curiam). Although the distinction seems somewhat tenuous, it appears that the Fifth Circuit has abandoned the *severe* injury requirement and adopted the new standard of *significant* injury.

**4.** Although McHenry was examined by prison medical personnel, the defendants did not introduce any medical evidence concerning the extent of McHenry's injuries.

no question that the appellants' conduct toward McHenry on October 17th was directly related to the twisting of McHenry's arm on the previous day.[5] Thus, the jury was entitled to consider the entire chain of events in evaluating McHenry's claim. *Id.*

Since *Parrish* dictates that there is no requirement of severe injury, there was more than ample evidence for a reasonable jury to conclude that the appellants inflicted pain on McHenry that was both unnecessary and wanton in violation of the eighth amendment.

## B. Failure to Protect

■ One of McHenry's theories of recovery was that the prison correctional officers owed him a duty of protection from assaults by fellow officers. The district judge instructed the jury pursuant to *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir.1982), *cert. denied sub nom., Bates v. Bruner*, 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983). According to *Bruner*, a police officer has a duty to try and stop another officer who summarily punishes a person in the first officer's presence. *Id.* at 426; *see also Smith v. Heath*, 691 F.2d 220 (6th Cir.1982); *Yancy v. Carroll County, Ky.*, 674 F.Supp. 572 (E.D.Ky.1987), *aff'd*, 884 F.2d 581 (6th Cir.1989). Applying *Bruner* to the prison context, a correctional officer who observes an unlawful beating may, nevertheless, be held liable under § 1983 without actively participating in the unlawful beating. *See Bruner*, 684 F.2d at 426.

In this case, with respect to the events of Friday, October 16th, only Corporal Chadwick was alleged to have taken an active role. However, the remaining defendants were found liable since they did not intervene to protect McHenry from the assault. The appellants argue that since the October 16th incident involved a single shove, the other officers were unaware that the shove was going to occur, and therefore, would have been unable to prevent it.

This reasoning is flawed in two respects. Primarily, there was ample evidence from which a reasonable jury could conclude that all of the defendants were aware that McHenry would be assaulted on October 16th. The evidence showed that, although McHenry was told he was going to the auditorium, he was taken to the desk of Corporal Chadwick. Furthermore, once McHenry arrived at Chadwick's desk, another inmate was ordered to leave the area; consequently, there were no witnesses to the incident. The jury was free to infer that McHenry was brought to that area for the purpose of retaliating against him for threatening other inmates. Secondly, the claim of "failure to protect" involves, not only the incident on October 16th, but also the incident on October 17th. McHenry testified that on October 17th there were numerous officers present, but he was unsure which officers hit him. Therefore, according to *Bruner*, even if one or more of the officers did not actively participate in the beating, they still owed McHenry a duty of protection. Since there was more than adequate evidence for a reasonable jury to find a breach of that duty, there was no error.

## II. Evidentiary Issues

### A. Evidence of Prior Convictions

■ Appellants further contend that the district court erred in denying them the opportunity to impeach McHenry's credibility by the use of two prior misdemeanor convictions, one for shoplifting, and one for concealing stolen property. The district court ruled that these offenses were not crimes involving dishonesty within the meaning of Fed.R.Evid. 609(a)(2).

According to Rule 609(a)(2), evidence that the witness was convicted of a misdemeanor is admissible only if the crime involved "dishonesty or false statement." The Advisory Committee's Notes to Rule 609 list perjury, false statement, fraud and embezzlement as offenses involving dishonesty or false statement. Fed.R.Evid. 609 advisory committee's note. Although this list is not exclusive, shoplifting does not fall into this category. *See United States v. Entrekin*, 624 F.2d 597, 598 (5th Cir. 1980), *cert. denied*, 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 350 (1981). However, in

---

5. The fact that McHenry was told on October 17th that there better not be anyone else checking in because of him is additional evidence that the events were related.

*State v. Martin,* 642 S.W.2d 720, 724 (Tenn.1982), the Supreme Court of Tennessee held that two convictions for concealing stolen property were offenses involving dishonesty within the meaning of Rule 609(a)(2). *See also State v. Davis,* No. 170, slip op. at 4, 1989 WL 112748 (Tenn.Crim. App. Sept. 29, 1989). Although evidentiary issues are generally within the broad discretion of the trial judge, the admission of prior convictions involving *dishonesty* is not. *See* advisory committee's notes, *supra* (emphasis added). Since the Tennessee courts have interpreted the state crime of concealing stolen property to be an offense involving dishonesty within the meaning of Fed.R.Evid. 609(a)(2), it was error to exclude this evidence.

The critical issue, however, is whether this error mandates reversal. We hold that it does not. Undoubtedly the evidence was offered in an attempt to attack McHenry's credibility as a witness. However, the jury already knew McHenry was convicted of burglary and serving time for that offense. Evidence of a misdemeanor conviction for concealing stolen property would have had little, if any, impact on the jury's assessment of McHenry's credibility. Consequently, the exclusion of this evidence was harmless error.

### B. Evidence Regarding the Absence of an Investigation

■ The appellants further contend that the district court erred by allowing into evidence the fact that no investigation was conducted as to the allegations made by those inmates who "checked in" to protective custody. The appellants argue that since there was no duty to conduct such an investigation, the testimony was irrelevant and highly prejudicial. This argument is directly at odds with the testimony adduced at trial. On cross-examination, Captain Worthington acknowledged that prison policy requires that an investigation be conducted and a report prepared whenever an inmate "checks in" to protective custody. Whether or not an investigation was conducted before the defendants initiated the events of October 16th is relevant to the issue of whether the defendants acted willfully and maliciously, which would subject them to further liability for punitive damages. Thus, the district court correctly ruled the evidence admissible.

### III. Attorney's Fees and Costs

■ On October 17, 1988, McHenry filed a motion for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. This statute provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. The district court found that McHenry was the prevailing party and awarded attorney's fees and costs in the amount of $14,460.00. The appellants request that this award be vacated.

There is no question that McHenry is the prevailing party; he received a jury verdict in his favor, obtaining all the relief he requested. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Therefore, the critical inquiry is whether the fees are reasonable. The district court thoroughly reviewed the time records and found that the time spent by plaintiff's counsel was not excessive, but to avoid any unnecessary duplication of services, reduced counsel's co-consultation time by 5%. After review, we find no error in the district court's calculations, and agree that the fees are reasonable. It is significant to note, however, that this award is more than five times the amount of damages awarded to McHenry. Nevertheless, the value of the rights vindicated goes beyond the actual monetary award, and the amount of the actual award is not controlling. *See City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

Accordingly, the judgment of the district court and the order granting the award of attorney's fees and costs are affirmed.