951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Reggie WESLEY, Plaintiff-Appellant,
v.
Dave BERRY, Defendant-Appellee.
 No. 90-2366.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1991.
 
 Before KENNEDY and NATHANIEL R JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Gary Reggie Wesley, a prisoner incarcerated in the State of Michigan, appeals the order of summary judgment granted by the District Court in favor of defendant, Dave Berry. Wesley alleges that Berry, a corrections officer, assaulted and battered him violating his right to be free of cruel and unusual punishment while acting under color of state law. We find that a genuine issue of material fact exists, and therefore we REVERSE.
 
 I.
 
 2
 Plaintiff was housed in a temporary segregation unit at the Ionia Maximum Facility in Ionia, Michigan. As a result of prior misconduct, plaintiff had been placed on a "food tray slot restriction." On July 29, 1988, defendant and Corrections Officer Douglas Hunter were completing food service to plaintiff's unit.
 
 
 3
 In a verified complaint, plaintiff alleges that he extended his left arm through the food tray slot in the cell door, tendering an orange which he requested defendant give to another prisoner. He claims that defendant ordered him to remove his arm, and that before he could do so defendant repeatedly slammed the steel slot door onto plaintiff's hand. Plaintiff claims that he struggled with his free hand to stop this conduct by reopening the slot door. After reopening the food slot, plaintiff claims that he called for defendant's supervisor while resting his left hand through the slot and onto the outer hall floor. Plaintiff alleges that defendant then deliberately stomped on plaintiff's hand with his foot. Plaintiff swears that he suffered a contusion, pain, soreness and swelling. As the result of a past accident, plaintiff's left hand was already deformed. The ring finger has no knuckle and is fixed by steel pins.
 
 
 4
 Defendant relates a different version of what occurred. Defendant claims that plaintiff refused to remove his hand when defendant attempted to close the food slot. Defendant claims that plaintiff grabbed his arm and attempted to pull it through the food slot. Defendant was unable to loosen plaintiff's grip on his arm, so he stomped on plaintiff's forearm in order to free himself.
 
 
 5
 Plaintiff was examined by the prison's Office of Health Care on July 29th. The medical report states that plaintiff's left hand had no abrasions, no lacerations, no edema or inflammation, and good range of motion without pain or discomfort. There was a possible contusion on the left hand, but no treatment was given at the time.
 
 
 6
 Plaintiff claims that his rights under the Eighth and Fourteenth Amendments were violated. The District Court held that plaintiff's claim of cruel and unusual punishment under the Eighth Amendment failed to state a claim of constitutional proportion, and that the Due Process Clause of the Fourteenth Amendment does not afford a prisoner more protection than the Eighth Amendment. The court held that if the plaintiff was assaulted at all, the assault would be actionable only as common law battery. Consequently, the District Court granted defendant's motion for summary judgment.
 
 II.
 
 7
 We review a grant of summary judgment de novo. Storer Communications, Inc. v. National Ass'n of Broadcast Employees & Technicians, 854 F.2d 144, 146 (6th Cir.1988). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The inquiry is whether there is sufficient evidence supporting a factual dispute such that a jury or judge is required to "resolve the parties' differing versions of the truth at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968)).
 
 
 8
 Plaintiff alleges that defendant violated his Eighth Amendment right to be free from cruel and unusual punishment. A prisoner's Eighth Amendment rights are violated only by "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Whether a prison security measure inflicted unnecessary and wanton pain turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)). Factors to be considered in determining whether the Cruel and Unusual Punishment Clause has been violated are the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted. Id. at 321. In this Circuit, a prisoner alleging an Eighth Amendment violation need not prove that he suffered a serious physical injury. McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir.1990). He must demonstrate that the infliction of pain was unnecessary and wanton. Id.
 
 
 9
 We find that plaintiff's allegations state a claim of constitutional proportion. If plaintiff's sworn allegations are true, there was no need to stomp his hand and defendant's conduct could be considered a malicious application of force that was unnecessary for the situation. Although defendant denies that the incident occurred as plaintiff alleges, we believe there are issues of fact that must be decided by the fact finder. The abrasions, pain and swelling plaintiff alleges are sufficient injury to support an Eighth Amendment claim. Accordingly, we REVERSE the order of summary judgment granted by the District Court.