958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles HESTER, Plaintiff-Appellant,
v.
J. BOST, Sgt., Defendant-Appellee.
 No. 91-3956.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1992.
 
 1
 Before KENNEDY and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Charles Hester alleged that defendant used excessive force against him when escorting him to administrative segregation. Hester sought monetary and injunctive relief; he sued defendant in his official and individual capacities.
 
 
 4
 Defendant filed a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). He asserted that the alleged use of force was reasonable and reflected a good faith effort to meet security objectives. The motion was granted and the complaint was dismissed.
 
 
 5
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Hester can present no set of facts which would entitle him to relief. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 6
 To state a valid Eighth Amendment claim based on the use of excessive force, a prisoner must allege that the infliction of pain was unnecessary and wanton. McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir.1990). Not every use of force rises to the level of a constitutional violation, even if it appears in retrospect that the amount of force used was unreasonable. Whitley v. Albers, 475 U.S. 312, 319 (1986). A good faith use of force to maintain discipline, if reasonable under the circumstances, does not demonstrate obduracy or wantonness necessary to state an Eighth Amendment violation. See id.; see also Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir.1986). The Supreme Court's recent decision that a significant injury is not required to make out an Eighth Amendment claim based on excessive force does not affect the outcome of the present appeal. Cf. Hudson v. McMillian, 112 S.Ct. 995 (1992) (extent or absence of injury is factor to be considered in determining whether use of force is wanton and unnecessary). Hester's allegations of fact are insufficient to support his claim of obduracy or wantonness.
 
 
 7
 Accordingly, the request for appointment of counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation