958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chris BLOSSER, Plaintiff-Appellant,
v.
Harry WASHINGTON, Defendant-Appellee.
 No. 91-2187.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1992.
 
 Before NATHANIEL R. JONES, BOGGS and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals the district court's summary judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Chris Blosser alleged that, in an unprovoked attack, defendant corrections officer placed his head in a headlock and beat his face with his fists. Blosser claimed that he suffered facial injuries and impaired vision. Seeking monetary and declaratory relief, Blosser sued defendant in his individual capacity.
 
 
 3
 Emphasizing that Blosser's injuries were minimal, defendant asserted in a motion for summary judgment that his conduct was reasonable to subdue Blosser who had threatened and kicked at him. In his response, Blosser reasserted that defendant's conduct was unprovoked and that the affidavits supporting defendant's version of the facts were contradictory.
 
 
 4
 The matter was referred to a magistrate judge who recommended that the motion for summary judgment be granted. Following de novo review in light of Blosser's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint. This appeal followed.
 
 
 5
 Upon review, we conclude that summary judgment was inappropriate. In the context of an assault by a corrections officer upon a prisoner, the officer's conduct rises to the level of a constitutional violation if it involves the wanton and unnecessary infliction of pain. McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir.1990). "In determining whether a prisoner's claim rises to this level, the reasons or motivation for the conduct, the type and excessiveness of the force used, and the extent of the injury inflicted should be considered." Parrish v. Johnson, 800 F.2d 600, 604-06 (6th Cir.1986). However, a prisoner need not prove that he suffered a serious physical injury. Hudson v. McMillian, 112 S.Ct. 995 (1992); McHenry, 896 F.2d at 187. Accepting the nonmoving party's allegations as true, a jury could find that defendant's conduct was wanton and unnecessary. This is all that is required for Blosser's claim to survive a motion for summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986).
 
 
 6
 Accordingly, the district court's summary judgment is vacated and the case is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.