959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, Plaintiff-Appellant,
v.
Duane L. WATERS; James L. Banks; Gary Gabry; J.
Vanderwat; Robert Brown, Jr.; Lynn A. Green; Richard M.
McKeon; William E. Sway; Haresh B. Pandya, M.D.; Craig
Hutchinson; Raymond G. Toombs, Warden; Peter Vidor;
Patricia B. Fitzner; Frank Williams; Robert Weber; Ellen
C. Case; Donald McNinch; R. Austin; C. Gilchrist; W.
Jones, Defendants-Appellees.
 No. 91-2104.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Carson Lynn Brown, a pro se Michigan prisoner, appeals a district court order granting summary judgment for the defendants in his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Brown sued medical personnel, a prosecutor, a state court judge, and several Michigan state correctional employees in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. Brown alleged that: (1) the defendants subjected him to cruel and unusual punishment, (2) the defendants were deliberately indifferent to his serious medical needs, (3) the defendants released his medical records without his authorization, (4) the defendants failed to provide adequate clothing for outside exercise during inclement weather, (5) the defendants engaged in racial discrimination against prisoners and prison personnel, and (6) the defendants drafted false incident and medical reports as to his medical conditions and behavior.
 
 
 4
 Defendant Gabry, a state prosecutor, moved to dismiss the claim against him for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6). The remaining defendants filed a motion for summary judgment. A magistrate judge recommended that Gabry's motion be granted and summary judgment be granted to the remaining defendants. Over Brown's objections, the district court adopted the magistrate judge's recommendation. Brown has filed a timely appeal raising a multitude of issues. He requests pauper status, the appointment of counsel, sanctions, oral argument, and a free transcript.
 
 
 5
 We review the district court's grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We note that although Gabry moved to dismiss the allegations against him under Fed.R.Civ.P. 12(b)(6), evidence outside the pleadings was filed with the district court. Thus, Gabry's motion must be treated as one for summary judgment. See Fed.R.Civ.P. 12(b)(6); Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam).
 
 
 6
 Upon review, we affirm the district court's judgment dismissing the following claims: that the defendants were deliberately indifferent to Brown's serious medical needs, that the defendants improperly released Brown's medical records, that the defendants falsified his medical records, that the defendants provided inadequate clothing for outside exercise, and that the defendants discriminated against prison guards. Furthermore, we affirm the dismissal of Brown's allegations against Gabry and defendant Banks. As for these issues, we find that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323. However, as for Brown's remaining claims, we vacate the district court's judgment and remand for further proceedings.
 
 
 7
 Brown has alleged that the defendants subjected him to cruel and unusual punishment. In his verified complaint, Brown states that he was severely beaten without cause. Brown's allegations are sufficient to state a cause of action. Hudson v. McMillian, 112 S.Ct. 995 (1992); Whitley v. Albers, 475 U.S. 312, 320-22 (1986); McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir.1990).
 
 
 8
 Relying upon the denials contained in defendants' affidavits, the district court granted summary judgment for the defendants on this issue. Brown's allegations, however, were made in a verified complaint. Although unsworn, the verified complaint is sufficient to defeat defendants' motion for summary judgment on this issue because Brown signed the document under penalty of perjury. See 28 U.S.C. § 1746; Hooks v. Hooks, 771 F.2d 935, 945-46 (6th Cir.1985); Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir.1985), cert. denied, 475 U.S. 1107 (1986); Carter v. Clark, 616 F.2d 228, 230-31 (5th Cir.1980). As Brown's allegations in the verified complaint raise a genuine issue of material fact, Celotex Corp., 477 U.S. at 323, the district court improperly granted summary judgment for the defendants on this issue.
 
 
 9
 Brown also alleged in his complaint that the defendants drafted a false incident report to justify the assault and that they discriminate against black prisoners. Defendants deny all the allegations in their affidavits. However, Brown's verified complaint creates genuine issues of fact on these claims. Id. Accordingly, the district court erred by granting summary judgment for the defendants on these issues.
 
 
 10
 Accordingly, we hereby grant pauper status, deny all other forms of relief, and affirm the district court's judgment to the extent it dismissed defendants Gabry and Banks from the case and granted the remaining defendants summary judgment on Brown's claims regarding deliberate indifference to his serious medical needs, release of his medical records, falsifying of medical records, inadequate outside exercise clothing, and discrimination between prison guards. Rule 9(b)(3), Rules of the Sixth Circuit. However, as for Brown's claims of cruel and unusual punishment, false incident report, and racial discrimination between prisoners, the judgment is vacated and the case is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation