14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Derrick MOWATT, Plaintiff-Appellant,
v.
Allan VISSER, et al., Defendants-Appellees.
 No. 93-1539.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Derrick Mowatt, pro se, appeals a district court order granting summary judgment in favor of the defendants in this civil rights case filed under 42 U.S.C. Sec. 1983. The defendants include the warden at the Ionia Maximum Correctional Facility (ICF) in Ionia, Michigan, certain correctional officers and resident unit managers, and certain medical personnel employed at that facility.
 
 
 3
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Mowatt made several allegations as follows: 1) he was denied his constitutional right to be free from unreasonable search and seizure when the defendants subjected him to a visual body cavity strip search before and after court appearances; 2) he was subjected to cruel and unusual punishment by the defendants' assault on him during these body cavity searches; 3) the defendants used excessive and unnecessary force by spraying chemical agents on him so that he would cooperate and allow certain restraints to be placed on him before being escorted back to his prison cell; 4) the defendants denied him adequate medical assistance and treatment after these assaults; 5) he was subjected to cruel and unusual punishment when the defendants applied top-of-bed (TOB) restraints and thereafter left him in unsanitary and unhealthy conditions for an extended period of time; 6) he was denied his right to "peaceably assemble" when the defendants denied him non-contact visits with friends and relatives; and 7) the defendants denied him necessary medical care by refusing to allow him to undergo surgery on his shoulder.
 
 
 5
 The defendants filed a motion for summary judgment, supported by the affidavits of defendants Vidor and Visser, along with prison log sheets, medical records, critical incident reports, several individual incident reports, memos by the warden in regard to the restraints required for prisoner Mowatt, prison policies on the use of the face shield applied on the plaintiff, and a videotape of the particular incident that Mowatt described in his complaint, during which the defendants used chemical agents to place a face shield and full restraints on him in order that they could escort him back to his cell after his return from a court appearance. Mowatt then filed an affidavit in opposition to the defendants' motion for summary judgment, along with a motion for summary judgment, with documentation in support. The district court judge issued an opinion and judgment granting the defendants' motion for summary judgment and dismissing the case, by order entered March 15, 1993.
 
 
 6
 On appeal, Mowatt repeats his factual allegations that: 1) the defendants assaulted him during a strip search upon his return from a court hearing; 2) he was placed in TOB restraints in wet clothing and left there for a lengthy period of time while his cell window was open during cold weather; 3) he was denied necessary medical care and treatment; 4) he was denied water and the use of the toilet while in TOB restraints; 5) the defendants used the strip search procedure as an "excuse" to deny him visitation rights and his scheduled surgery; and 6) the defendants applied excessive use of force when they sprayed a chemical agent on him to force him to cooperate and wear a face mask before they escorted him back to his prison cell on November 21, 1991. Mowatt also alleges that defendant Vidor was not at the scene of the alleged sexual and physical assaults during the strip search and, therefore, it was improper for the district court to rely on this defendant's statements that such assaults did not occur. Mowatt further states that defendants Van Amburgh and Reeder were present at the time of the assaults, but provided no legal response to his allegations. Lastly, Mowatt argues that these physical and verbal assaults occurred before the videotaped session and, therefore, the videotape cannot support the defendants' motion for summary judgment, at least in relation to these particular allegations.
 
 
 7
 This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).
 
 
 8
 Several allegations made by Mowatt concern actions by the defendants that were recorded on videotape, which recording was submitted by the defendants in support of their motion for summary judgment. These allegations include: 1) cruel and unusual punishment due to the alleged excessive force used in applying chemical agents to force the prisoner's cooperation; 2) use of a "hockey mask" (face shield) in violation of his Eighth Amendment rights; 3) defendant Visser's deliberate indifference to Mowatt's medical need when this defendant allegedly instructed defendant nurse McClure not to provide medical treatment or assistance after the chemicals were applied; 4) use of TOB restraints in violation of departmental rules and policies; and 5) cruel and unusual punishment by the defendants' act of causing "respiratory and circulatory impairments" when the TOB restraints were applied.
 
 
 9
 The videotape fully supports the defendants' statements, affidavits and other documentation showing that the chemical agents were not applied in excess, that no unnecessary force was used to place the TOB restraints upon Mowatt, and that nurse McClure was in attendance, observing all the defendants' acts and checking on the restraints to be sure that Mowatt's health condition was satisfactory throughout the entire incident. Thus, the defendants' conduct of which Mowatt now complains did not constitute "unnecessary and wanton infliction of pain," in order to establish a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Considering the uncooperative nature of this prisoner, his history of spitting on prison guards, and the prison officials' concern with the employees' health and safety, the officials' conduct did not equate to a deliberate indifference to Mowatt's well-being and medical needs. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Neither did these acts and policies deprive Mowatt of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Thus, summary judgment was proper in regard to these particular allegations in Mowatt's complaint.
 
 
 10
 The defendants responded to the allegation that Mowatt was denied visitation rights in November of 1991 by stating that Mowatt had, at the time, refused a strip search and refused to wear the sanitary face mask prior to being placed in a visitation cell. Mowatt does not deny this fact, but states that it was "against his sincere beliefs, holy scriptures, and culture" to subject himself to the search. Similarly, the defendants canceled Mowatt's surgery that was to be performed on his shoulder, because of his refusal to subject himself to a strip search before exiting the prison.
 
 
 11
 When evaluating the constitutionality of prison regulations, this court must accord prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). As noted by the district court, ICF is Michigan's maximum security prison, housing prisoners that have, by their history, shown to be the least manageable and highest security risks within the state's department of corrections. Under these circumstances, the prison regulation of requiring strip searches before and after contact visits and before and after appointments scheduled outside the prison is justifiable and is not an exaggerated response to prison concerns. See Turner v. Safley, 482 U.S. 78, 89-90 (1987). The regulations are reasonably related to legitimate penological interests. Turner, 482 U.S. at 88-91; Kent v. Johnson, 821 F.2d 1220, 1230 (6th Cir.1987). Therefore, summary judgment in favor of the defendants was also properly granted in regard to these particular allegations.
 
 
 12
 Likewise, there is no genuine issue of material fact regarding whether the guards were deliberately indifferent to Mowatt's needs when Mowatt was forced to remain in wet clothing in TOB restraints in November of 1991. The record shows that the officers informed the prisoner that he could use the bathroom in the prison if he would wear the face mask described above. However, Mowatt refused to wear the mask and, therefore, was at fault for creating the situation in which he was forced to remain in wet clothing. Moreover, the officers' act of allowing Mowatt to remain in wet clothing would, at most, be negligence on their part, which is not actionable under Sec. 1983. See Daniels v. Williams, 474 U.S. 327, 333-36 (1986); Jones v. Sherrill, 827 F.2d 1102, 1106 (6th Cir.1987). Therefore, summary judgment was also appropriate to dispose of this issue.
 
 
 13
 The parties do not dispute that Mowatt, upon return to the prison from a court session on November 21, 1991, was taken to a shower cell for a visual body cavity search before being returned to his cell. However, Mowatt's account of what then happened differs drastically from the defendants' version of the events that took place between the time Mowatt refused a body cavity search and the time that chemical agents were applied (which is the point in time that the videotaping was begun). Mowatt claims that, before the videotaped incident, defendants Reeder and Van Amburgh physically assaulted him, punching him "in the belly and chest," and that defendant Van Amburgh grabbed his sex organs. Mowatt also accuses these defendants of striking him with a flashlight and knocking him unconscious at that time. The defendants respond to these allegations by stating that they "simply are not true."
 
 
 14
 The district court did not directly address Mowatt's allegations of assault during the strip search, but discussed Mowatt's claim that he was knocked unconscious, "finding no basis in fact to support such an allegation." The district court stated that "in a video taken less than two hours after plaintiff was supposedly knocked unconscious, plaintiff does not act or look like a person who had been rendered unconscious within the past two hours." This rationale provided by the district court is not sufficient to support the court's order granting the defendants' motion for summary judgment on these issues. As recently stated by this court, an affidavit by a prisoner explicitly contradicting the defendant's version of the facts, when the facts may support an Eighth Amendment claim, raises genuine issues preventing the issuance of summary judgment. Moore v. Holbrook, 2 F.3d 697, 701-02 (6th Cir.1993). Mowatt's affidavit directly contradicts the affidavits of the defendants. Although the defendants may eventually prevail after further factfinding, Mowatt's alleged facts are material, because, if proven to be true, they may, indeed, establish an Eighth Amendment violation, such that the alleged actions may reflect a willful, unnecessary and wanton infliction of pain. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir.1990). Thus, summary judgment was not appropriate in regard to Mowatt's allegations that he was assaulted and knocked unconscious during the strip search prior to the escort back to his cell. This portion of the district court's judgment is vacated and the case remanded for further proceedings.
 
 
 15
 For the reasons set forth above, the district court's order is affirmed in part and vacated in part, and the case is remanded for further consideration consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation