Susan **SPEERS**, Plaintiff,

v.

**UNIVERSITY OF AKRON**, Defendant.

No. 5:01–CV–1094.

United States District Court,
N.D. Ohio,
Eastern Division.

April 11, 2002.

David L. Dingwell, Lee E. Plakas, Tzangas, Plakas, Mannos & Recupero, Canton, OH, Dennis R. Thompson, Law Office of Dennis R. Thompson, Akron, OH, for plaintiff.

R. Scot Harvey, Thomas J. Wiencek, Timothy J. Puin, Brouse McDowell, Akron, OH, for defendant.

## ORDER

GWIN, District Judge.

On March 28, 2002, having lost its case to a jury, Defendant University of Akron filed a motion for judgment as a matter of law, for a new trial, and to lower the damage award [Doc. 116]. Largely a rehash of the evidence the defendant presented at trial, the motion fails to establish grounds to invade the jury's province to decide factual issues. For the reasons hereafter described, the Court denies the defendant's motion.

### I. Background

In this case, Plaintiff Susan Speers claimed that the Defendant University of Akron violated her constitutional right of free speech and retaliated against her for pursuing activity protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. With regard to her Title VII claim, Speers says she filed two separate EEOC complaints and that the University was aware of her protected activity. At trial, she contended the University then retaliated against her because Lucinda Lavelli, Speers's department head, denied her a merit raise given to all the other eligible faculty in the SDTAA. She gave evidence to the jury that the defendant denied the merit increase though her credentials were no different than other professors who received raises. Speers also claims the University of Akron took unwarranted disciplinary action against her. Plaintiff Speers also made the separate claim that the defendant, acting under the color of state law, violated her First Amendment right to free speech.

At trial, the defendant denied that any of its actions were in retaliation for Speers's EEOC filings. Instead, the defendant says it denied Speers a merit raise after referring to objective criteria equally applied to all faculty members. The defendant also said Speers had no First Amendment right because her speech was disruptive. The University of Akron further argued that it denied Speers a salary increase for reasons unrelated to her speech.

At trial, Plaintiff Speers showed evidence supporting an inference that the defendant disciplined her and denied her a merit pay increase because she attended a meeting with Dr. Luis Proenza, the president of the University of Akron, that was set up by Brian Mormino, the University of Akron's student council president. At that meeting, Mormino voiced student complaints about the administration of the University of Akron's School of Dance, Theatre and Arts Administration ("SDTAA"). In addition, Mormino gave Dr. Proenza a compendium of materials documenting complaints with the department. Mormino prepared the document. Plaintiff Speers contributed a copy of a short evaluation that she had made of the SDTAA.

At the conference with Dr. Proenza, Speers contributed little to the discussion. At trial, she testified that she attended the meeting after being requested to do so, only to "witness" that the complaints about the SDTAA had some factual basis. Because she provided a document to Mormino, Speers says that the University of Akron improperly reprimanded her in July 1999. She also says the defendant improperly admonished her to be more collegial in July 2000 in retaliation for making protected comments during a January 21, 2000, faculty meeting.

The jury found in favor of the plaintiff on both counts. The jury awarded Speers $7,000 on her Title VII claim and $85,000 on her First Amendment claim. The Court now considers the defendant's motion.

### III. Analysis

#### A. Judgment as a Matter of Law

 When considering a motion for judgement as a matter of law under Rule 50(a)(1), this Court neither weighs the evidence, evaluates the credibility of the witnesses, nor substitutes its judgment for that of the jury. *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir.1994). A motion for judgment as a matter of law requires the trial court to decide "whether there was sufficient evidence presented to raise a material issue of fact for the jury." *Monette v. AM-7-7 Baking Co.*, 929 F.2d 276, 280 (6th Cir.1991).

 In reviewing a motion for judgment as a matter of law, this Court must view the evidence in the light most favorable to the nonmoving party, and give that party the benefit of all reasonable inferences. *Wayne*, 36 F.3d at 525; *Agristor Leasing v. A.O. Smith Harvestore Prods.*, 869 F.2d 264, 268 (6th Cir.1989). "Only when it is clear that reasonable people could come to but one conclusion from the evidence should a court grant a motion for directed verdict." *Lewis v. City of Irvine*, 899 F.2d 451, 454–55 (6th Cir.1990). Evidence is sufficient to submit to a jury unless, "when viewed in the light of those inferences most favorable to the nonmovant, there is either a complete absence of proof on the issues or no controverted issues of fact upon which reasonable persons could differ." *Id.*

 The defendant says it is entitled to judgment as a matter of law on the Title VII claim because the plaintiff did not prove the University of Akron intentionally discriminated against her. Specifically, the defendant says the plaintiffs failed to show an adequate temporal proximity between Speers's filing of her April 2, 1999, discrimination charge and Lavelli's merit raise decision. In addition, the defendant says the plaintiff failed to show the discipline against her was unwarranted and that she was entitled to a merit increase.

The University of Akron also says the plaintiff failed to prove she suffered an adverse employment action. Specifically, the defendant says Speers did not prove that she suffered anything more than a reprimand. The defendant says that without an action other than a reprimand, such as a pay decrease or different teaching assignments, Speers cannot succeed on her claim for retaliation under Title VII.

The defendant has not shown that it is entitled to judgment as a matter of law. In its motion, the defendant details evidence supporting its position, but fails to show that all reasonable people would reach the same conclusion. The jurors heard testimony from several witnesses concerning the timing and justification of Speers's merit raise and the reasoning behind the discipline she faced. The jury evaluated the credibility of each witness, weighed the evidence, and reached its conclusion. As it was entitled to do, the jury apparently found Speers's contrary evidence more credible. In contrast to the defendant's assertions, there was adequate evidence presented at trial to support the jury's verdict on the Speers's Title VII claim.

 The defendant next says it is entitled to judgment as a matter of law on the First Amendment claim. Initially, the defendant says it disputes the Court's finding that Speers's activity was a matter of public concern and thus entitled to protection. However, the defendant did not object to this finding in the Court's instructions. Therefore, the Court considers the defendant's objection waived. *See* Fed.R.Civ.P. 51.

 Even if the defendant had properly objected, the Court's instruction was correct. To qualify as a matter of public

concern, Speers's speech must express an opinion relating to a matter of political, social, or other concern to the University of Akron community. *See Rahn v. Drake Ctr.*, 31 F.3d 407, 412 (6th Cir.1994) (citing *Connick v. Myers*, 461 U.S. 138, 146–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)). Speers's actions and speech related to student feedback about the SDTAA and the SDTAA's complaint procedure. Student comments about their academic department and the way in which the department addresses those comments and complaints are a matter of public concern.

■ Next, the defendant says overwhelming evidence shows that Speers's actions impeded the working relationships of the SDTAA faculty and impaired discipline by superiors. Therefore, the University of Akron says no First Amendment right attached to her speech. *See Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir.2000). Contrary to its assertions, the defendant again fails to show that the jury could reach only one reasonable conclusion. While the defendant presented evidence that Speers's actions disrupted the SDTAA faculty, the plaintiff presented contrary evidence concerning the reasons and results of her actions. As stated above, the jury viewed the witnesses, assessed credibility, and weighed the evidence. The jury viewed sufficient evidence to support its verdict in favor of Speers on her First Amendment claim.

For the reasons stated above, the Court denies the defendant's motion for judgment as a matter of law.

### B. New Trial

In the alternative, the University of Akron also moved for a new trial. Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ..

■ Courts can grant a new trial when the verdict is against the weight of the evidence, the damages are excessive, or for other reasons if the trial was unfair or prejudiced against the moving party. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir.1996). Showing substantial errors in the admission or rejection of evidence or the giving of or refusal to give proper jury instructions establishes prejudice. *See id.*

■ The Court denies a motion for new trial if the verdict is one that a jury could reasonably reach, regardless of whether the Court might have reached a different conclusion were it the trier of fact. *Wayne*, 36 F.3d at 525; *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir.1993). As discussed in the previous section, after assessing the credibility of the witnesses and weighing the evidence, the jury could reasonably have reached its verdict.

The defendant also says it is entitled to a new trial because the damages were excessive, the Court made erroneous evidentiary rulings, and the Court allowed the plaintiff and her counsel to make inflammatory statements to the jury. The Court addresses each issue in turn.

■ First, the defendant says the jury's excessive award entitles it to a new trial. In the alternative, the defendant asks the Court to alter or amend the jury award under Rule 59(e) of the Federal Rules of Civil Procedure. In support of their motion, the defendant says Speers did not offer evidence upon which a reasonable jury could award $85,000.

The Court disagrees. The Court instructed the jury, without an objection, to assess damages in the following manner:

Speers's injuries may also include impairment of reputation, embarrassment, and/or humiliation. No evidence of the monetary value of such intangible things as impairment of reputation, embarrassment, and/or humiliation has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

(Jury Instructions at 16–17).

The jury heard competing evidence on the nature and extent of Speers's damages. The very nature of injuries arising from impairment of reputation, embarrassment, or humiliation make damages hard to quantify. The defendant says Speers is entitled to no more than $5,000 because she did not give specific grounds upon which the jury could calculate damages. The jury, in its role of fact-finder, disagreed with the defendant's reasoning. In light of the evidence presented at trial concerning the importance of Speers's professional reputation and the impact of the defendant's treatment on Speers, the Court holds that the jury could have reasonably awarded $85,000 in damages. The Court finds no reason to adjust the damage award.

Next, the defendant says it is entitled to a new trial because of several plainly erroneous evidentiary rulings made by the Court. Initially, the defendant revisits five rulings the Court made in response to motions in limine filed before trial. Those motions in limine were: 1) the defendant's motion to exclude the plaintiff's reference to "censure" because of possible confusion with "censor" [Doc. 50]; 2) the defendant's motion to exclude testimony about the plaintiff's nonphysical personal injuries [Doc. 52]; 3) the plaintiff's motion to exclude evidence about prior criminal charges [Doc. 54]; 4) the plaintiff's motion to exclude evidence of a prior malpractice settlement [Doc. 54]; and 5) the defendant's motion to exclude discussion of the plaintiff's participation on a committee assessing the treatment of women at the University of Akron [Doc. 56]. The parties briefed each issue and spoke to the Court about their respective positions before the trial began. The Court is confident its previous rulings were correct. Even if the defendant were to show that the rulings were erroneous, the Court's rulings did not prejudice the defendant. The Court quickly summarizes its reasoning below.

■ With respect to the difference between "censure" and "censor," the defendant states that it was prejudiced because the jury incorrectly associated the defendant's attempt to censure Speers for her actions as an attempt to censor her speech. The Court disagrees. The defendant has not produced a legitimate reason that the jury will not understand the difference between the two words. Furthermore, the defendant first used the word "censure" in its own documents. The University of Akron cannot now claim that the use of a word it introduced into the case is unfairly prejudicial.

■ With respect to the plaintiff's non-physical injuries, the defendant says Speers waived her right to recovery for such injuries when she gave up injuries for emotional distress. The defendant overstates the plaintiff's waiver of damages. The plaintiff did waive her injuries for emotional distress early in the case. However, she is still entitled to recover for the distinctly separate injuries of impairment of reputation, embarrassment, and humiliation. *See Chatman v. Slagle,* 107 F.3d 380, 385 (6th Cir.1997). At trial, the plaintiff's testimony properly focused on these three elements of potential injury.

■ With respect to the plaintiff's prior criminal charges, the defendant says the charges and her actions in dealing with them reflect upon her credibility. The Court disagrees. Speers's shoplifting charge is plainly inadmissible as a crime involving dishonesty. *See McHenry v. Chadwick,* 896 F.2d 184, 188 (6th Cir. 1990). Similarly, the crime of trespassing has nothing to do with false statements or dishonesty.

■ The defendant also says that Speers's actions of inviting students to her house for a hot tub party and other inappropriate conduct involving students were relevant to her character. Once again, the Court disagrees. These actions do not reflect on Speers's truthfulness and would be unduly prejudicial. The Court also finds nothing to support the defendant's assertion that Speers opened the door for an inquiry into these actions.

■ With respect to the plaintiff's prior malpractice settlement, the defendant says the Court foreclosed it from inquiring whether Speers's "humiliation" damages stemmed from a mishandled plastic surgery instead of her treatment at the University of Akron. The Court properly excluded ˙evidence of the settlement. The defendant has yet to demonstrate how Speers's settlement in her malpractice case is relevant to the instant case. Speers's testimony concerning damages primarily focused on her loss of reputation. Insomuch as her testimony touched upon humiliation and embarrassment, it clearly dealt with how individuals employed by the University of Akron treated her. The mishandled surgery, and the litigation stemming from it, had nothing to do with her Title VII and First Amendment causes of action.

■ With respect to the plaintiff's participation on a committee assessing the treatment of women at the University of Akron, the defendant says Speers did not initially advance her participation on the committee as a basis for the defendant's retaliation. The defendant says Speers discussion of her work on this committee was prejudicial because it gave the jury the impression the University of Akron retaliated against her for her gender advocacy instead of her EEOC claims. The Court disagrees. The plaintiff's involvement on this committee was relevant to her decision to file the EEOC complaints. Furthermore, in light of the defendant's thorough cross-examination of Speers, it does not show how mention of her involvement on the committee unfairly prejudiced the University of Akron.

Finally, even if the Court erred in one or more of its previous evidentiary rulings, the defendants are not entitled to a new trial. The Court will only grant a motion for a new trial based on an erroneous evidentiary ruling if the ruling affects a party's substantial rights.

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless

refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Fed.R.Civ.P. 61.

The defendant's objections dealt with a few pieces of character evidence, evidence of Speers's alleged humiliation, and the terminology used to describe the defendant's disciplinary action against Speers. These evidentiary issues, even if erroneously decided, do not affect the University of Akron's substantial rights.

Besides restating their objections filed before trial, the defendant says the Court erroneously limited its questioning of Professor Randy Pope's view of collegiality. With respect to Pope, the Court allowed him to testify as to whether he thought Speers's actions were collegial. The Court did not allow Pope to testify on what collegiality meant at the University of Akron. The Court also allowed several other witnesses to testify about whether they thought of Speers's actions were collegial. In light of this testimony, the defendant has not shown how it was prejudiced.

■ The defendant also says the Court erroneously overruled the defendant's objection to the plaintiff's cross-examination of Professor James Slowiak about his participation in a role-play exercise designed to help Lavelli prepare for her deposition. Additionally, the defendant says the Court's use of the word "bias" when overruling the defendant's objection was prejudicial.

The Court disagrees. The plaintiff's cross-examination of Slowiak on his involvement with the role-play exercise was a proper inquiry into his interaction with Lavelli. The cross-examination did not unfairly prejudice the defendant to warrant exclusion under Rule 403 of the Federal Rules of Evidence. Similarly, the Court's clear instructions to the jurors that its comments were not evidence and should not factor into their decision eliminated any potential prejudice by the Court's use of the word "bias" in overruling the objection. *See Holmes,* 78 F.3d at 1046–47 (citing *Clarksville–Montgomery County Sch. Sys. v. United States Gypsum Co.,* 925 F.2d 993, 1002 (6th Cir.1991)).

■ Finally, the defendant says it is entitled to a new trial because the Court improperly instructed the jury about the plaintiff's allegedly inflammatory remarks. In her opening argument and during her testimony, Speers referred to the war in Afghanistan, persecution of women by the Taliban, lynchings in Mississippi, Nazism, the Crucifixion, and the death of Socrates. The defendant says the Court prejudiced it because the plaintiff used those terms. In addition, the defendant says the Court implicitly supported this prejudice by recommending a book to the jury on the life of Socrates.

The Court is not convinced the statements listed by the defendant are so inflammatory as to warrant a new trial. Even if the statements were inflammatory, the defendant did not object to the statements when the plaintiff or her counsel made them. Furthermore, the Court clearly instructed the jurors that comments by the attorneys or the Court were not evidence and should not influence their decision. With no information to the contrary, the Court assumes jurors followed their instructions. *See, e.g., Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions ... and a strong likelihood that the

effect of the evidence would be 'devastating' to the defendant."). Therefore, even if the comments were inappropriate, the Court cured any potential error by giving proper instructions. *See Holmes,* 78 F.3d at 1046–47.

The court denies the defendant's motion for a new trial.

### III. Conclusion

For the reasons stated above, the Court denies the defendant's motion for judgment as a matter of law, for a new trial, and to reduce the damage award.

IT IS SO ORDERED.